1

2

3

4

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ERA FRANCHISE SYSTEMS, INC.,

11        Plaintiff,                    No. CIV S-07-0418 WBS DAD

12     v.

13   CINDY STAPP, an individual doing
     business as ERA PREMIER
14   PROPERTIES,                        FINDINGS AND RECOMMENDATIONS

15        Defendant.

16   _____/

17        This matter came before the court on November 30, 2007, for hearing of

18   plaintiff's motion for entry of default judgment against defendant.  Michael D. Welch, Esq.

19   appeared on behalf of plaintiff.  There was no appearance by or on behalf of defendant.  The

20   motion was taken under submission.

21        Having considered all written materials submitted with respect to the motion, and

22   having heard oral argument, the undersigned recommends that plaintiff's motion for default

23   judgment be granted on the terms set forth below.

24                        PROCEDURAL BACKGROUND

25        Plaintiff ERA Franchise Systems, Inc. initiated this action on March 2, 2007, by

26   filing a complaint for breach of contract, breach of non-competition clause, breach of guaranty,

                                        1

account stated, quantum meruit, and accounting.  Despite personal service of process on April 12, 2007, defendant failed to appear in the action.  On May 31, 2007, the Clerk of the Court entered defendant's default pursuant to plaintiff's request filed May 29, 2007.[1]

On October 17, 2007, plaintiff filed the instant motion, noticing it to be heard before the undersigned pursuant to Local Rule 72-302(c)(19).  Although the moving papers were served on defendant by mail at the address at which personal service of process had been effected, the envelope was returned to plaintiff with the postal service's notation "ATTEMPTED NOT KNOWN."  Plaintiff's efforts to discover a new address for defendant have been unsuccessful.

<u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for entry of default judgment.  Upon entry of default, the complaint's factual allegations regarding liability are deemed true, while allegations regarding the amount of damages must be proven.  <u>Fair Hous. of Marin v. Combs</u>, 285 F.3d 899, 906 (9th Cir. 2002); <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 917-18 (9th Cir. 1987); <u>Geddes v. United Fin. Group</u>, 559 F.2d 557, 560 (9th Cir. 1977)).  Where damages are liquidated or otherwise capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing.  <u>See</u> <u>Dundee Cement Co. v. Howard Pipe & Concrete Prods.</u>, 722 F.2d 1319, 1323 (7th Cir. 1983).  Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means.  <u>Dundee</u>, 722 F.2d at 1323-24; <u>see</u> <u>also</u> <u>James v. Frame</u>, 6 F.3d 307, 310 (5th Cir. 1993).

/////

/////

/////

---

[1]  The record reflects that plaintiff's request for entry of default was served on defendant by mail at the address at which personal service of process was effected on April 12, 2007.

1    Granting or denying default judgment is within the court's sound discretion.  See

2    Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986).  In exercising that discretion, the court

3    is free to consider a variety of factors, such as

4    (1) the possibility of prejudice to the plaintiff, (2) the merits of
     plaintiff's substantive claim, (3) the sufficiency of the complaint,

5    (4) the sum of money at stake in the action[,] (5) the possibility of
     a dispute concerning material facts[,] (6) whether the default was

6    due to excusable neglect, and (7) the strong policy underlying the
     Federal Rules of Civil Procedure favoring decisions on the merits.

7

8    Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citing 6 Moore's Federal Practice ¶ 55-

9    05[2], at 55-24 to 55-26).

10   <u>ANALYSIS</u>

11   The complaint in this case alleges multiple claims for relief.  The detailed

12   allegations of the complaint reflect that plaintiff is a Delaware corporation with its principal

13   place of business in New Jersey.  Defendant is an individual who resides in California and does

14   business as ERA Premier Properties.  The parties entered into a real estate franchise agreement

15   effective October 1, 2005, by which defendant became a franchisee of plaintiff as a real estate

16   brokerage business authorized to operate from 6100 Horseshoe Bar Road, Suite A, Loomis,

17   California 95650.  The franchise agreement granted defendant a non-exclusive license to use

18   plaintiff's trademark and marketing system.  Defendant agreed to pay plaintiff 6% of all

19   defendant's gross revenues, with a minimum monthly fee of $607 for royalty fees, and to pay

20   plaintiff an additional 2% of all defendant's gross revenues for the National Advertising Fund,

21   with a minimum monthly fee of $323 for advertising expenses.  Defendant signed a personal

22   guaranty for all of defendant's obligations.

23   After the parties entered into the franchise agreement, defendant began using

24   another company's trademarks in connection with defendant's ERA franchise.  Defendant failed

25   to meet her financial obligations and failed to report closed transactions.  Plaintiff was informed

26   that defendant had engaged in unethical conduct and was a party to a pending lawsuit on a

complaint alleging sale of a home defendant lacked authority to sell.  Defendant did not respond to communications from plaintiff.  On May 16, 2006, plaintiff notified defendant in writing of specific acts and omissions that constituted separate and material breaches of the franchise agreement.  Defendant was advised that she was in default of various payment obligations. Defendant was given a deadline of June 30, 2006 to cure each breach.  On October 17, 2006, plaintiff notified defendant that as a result of defendant's failure to cure each breach by June 30, 2006, their agreement was terminated effective October 18, 2006.

The complaint alleges that, as of March 1, 2007, defendant owed plaintiff $105,726.10 for unpaid obligations under the agreement.  The complaint seeks interest at the lesser of 18% per annum or the highest rate allowed by law, calculated from October 18, 2006. The complaint also seeks reasonable attorneys' fees and costs.

By the pending motion for default judgment, plaintiff seeks $105,726.10 in damages, plus prejudgment interest at the rate of 18% per annum on the amount of $7,916.00 at the rate of $3.90 per day from October 18, 2006 through the date of judgment.  Plaintiff seeks also attorney fees of $4,406.50 and costs of $996.35, as provided by the franchise agreement, the defendant's personal guaranty, and California Civil Code § 1717.[2]

Weighing the factors suggested in Eitel v. McCool, the undersigned has determined that default judgment against defendant is appropriate.  Defendant has not appeared, and there is no indication that defendant's failure to respond to the complaint was due to excusable neglect.  The complaint is sufficient, and the amount of money sought for actual damages is relatively small.  There is no reason to doubt the merits of plaintiff's substantive claims.  Nor does there appear to be any possibility of a dispute concerning the material facts

---

[2] "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."  Cal. Civ. Code § 1717(a) (West 2007).

1   underlying the action.  As these factors weigh in plaintiff's favor, the undersigned, while

2   recognizing the public policy favoring decisions on the merits, will recommend that default

3   judgment be entered.

4          After determining that entry of default judgment is warranted, the court must next

5   determine the terms of the judgment.  As indicated above, plaintiff seeks $105,726.10 in

6   damages, plus interest at the rate of 18% per annum on the amount of $7,916.00 at the rate of

7   $3.90 per day from October 18, 2006, through the date of judgment.  Plaintiff also seeks attorney

8   fees in the amount of $4,406.50 and costs in the amount of $996.35.

9          The undersigned finds that the sum of $105,726.10 is supported by the allegations

10  of plaintiff's complaint and by the evidence submitted in support of plaintiff's motion for default

11  judgment.  (See Pl.'s Application for Default J., Decl. of Debbie Iuliano, Vice President of Real

12  Estate Financial Services for Realogy Corporation, parent corporation of ERA Franchise

13  Systems, Inc., & Exs. C & D.)  The amounts of $4,406.50 and $996.35 are supported by the

14  allegations of plaintiff's complaint and by the evidence submitted in support of plaintiff's motion

15  for default judgment.  (See id., Decl. of Debbie Iuliano & Decl. of Catherine L. Manske,

16  plaintiff's counsel.)  The sum of $4,406.50 constitutes reasonable compensation for time and

17  money expended with regard to defendant's breach of contract and default of payment

18  obligations, and the sum of $996.35 constitutes reasonable compensation for plaintiff's costs of

19  suit.  Based on the evidence submitted in connection with the instant motion, the undersigned

20  will recommend that these amounts be awarded.

21         Accordingly, IT IS HEREBY RECOMMENDED that:

22         1.  Plaintiff's October 17, 2007 motion for default judgment be granted on the

23  terms set forth below;

24         2.  Plaintiff be awarded damages in the amount of $105,726.10;

25         3.  Plaintiff be awarded interest at the rate of 18% per annum on the amount of

26  $7,916.00 at the rate of $3.90 per day from October 18, 2006 through the date of judgment;

4.  Plaintiff be awarded attorney fees in the amount of $4,406.50; and

5.  Plaintiff be awarded costs of suit in the amount of $996.35.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all other parties.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be served and filed within five days after the objections are served.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 3, 2007.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.civil/erafranchise0418.f&r.defaultj

6